United States District Court
Southern District of Texas

**ENTERED**

March 31, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FRANCISCO JAVIER NUNEZ SORIANO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-02333** |
| | § | |
| **PAM BONDI,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

**ORDER**

Before the Court is Petitioner Francisco Javier Nunez Soriano's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

## I.  BACKGROUND

Petitioner is a citizen of Mexico who entered the United States without inspection in 2006, twenty years ago, when he was thirteen years old. ECF No. 1 at ¶ 18. He has resided in the United States continuously since that time, has married a United States citizen, and has two U.S. citizen children. *Id*. at ¶ 19.

On January 28, 2026, Petitioner was taken into immigration custody. ECF No. 5 at 2. He has been in custody since that date without an individualized bond determination. Petitioner is currently detained at the Montgomery Processing Center in Conroe, Texas. At the time of his detention, Petitioner was issued a Notice to Appear (NTA) in removal proceedings before an

1 / 4

immigration judge (IJ). *Id.* at 2. The NTA charged Petitioner with being inadmissible. Petitioenr's removal proceedings are ongoing.

## II.    ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court recently addressed a nearly identical set of facts in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

## III.    REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner has been deprived of his liberty in violation of the Due Process Clause for more than 60 days. Given the severity of this ongoing unconstitutional deprivation of liberty, the Court concludes that immediate release from custody is required. The Court joins other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within **48 hours**.

2. Respondents must release Petitioner in a public place within the Southern District of Texas and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.

3. If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner

3 / 4

to conditions of release without notice and a hearing at which the government bears the burden of showing why such conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 3, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 14, 2026.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on March 31, 2026.

Keith P. Ellison
United States District Judge